IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,356-01






EX PARTE RICHARD SHAWN HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-0835-07-A IN THE 114TH JUDICIAL DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
manufacture or delivery of a controlled substance, and was sentenced to forty-five years'
imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she failed to file pre-trial motions, failed to have Applicant evaluated for competency, and failed to
prepare a defense. Applicant alleges that his plea was not knowingly and voluntarily entered because 
of counsel's deficient advice.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel had any indication that
Applicant might not be competent to enter a plea, and if so, whether counsel requested a competency
evaluation. The trial court shall also make findings as to what steps, if any, counsel took in
preparation for trial in this case. The trial court shall make findings as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 4, 2009

Do not publish